Norma G. PEARSON, Plaintiff
and Appellant,

v.

Robert Niles PEARSON, Defendant
and Respondent.

No. 14626.

Supreme Court of Utah.

March 18, 1977.

T. Quentin Cannon, Salt Lake City, for plaintiff and appellant.

Leland S. McCullough, Salt Lake City, for defendant and respondent.

HALL, Justice:

This is an appeal from an order ·in a decree of divorce dividing property pursuant to a general formula stipulated to by the parties. The formula was not followed in specific detail but the court, after more than one lengthy hearing, made a specific division of all real and personal property. The appellant was dissatisfied with the division and filed this appeal asserting the trial court failed to make appropriate findings of fact, conclusions of law and judgment in accord with the said stipulation of the parties, however, makes no claim that the ultimate judgment was not just and equitable.

It is noted at the outset that the trial court, pursuant to U.C.A.1953, 30–3–5,

may make such orders in relation to property as may be equitable and the parties cannot by contract completely defeat the authority expressly conferred by said statute. It is the court's prerogative to make whatever disposition of property, including the rights in such a contract, as it deems fair, equitable, and necessary for the protection and welfare of the parties.[1] The court need not necessarily abide by the terms of the litigant's stipulations,[2] and, although such should be respected and given great weight, the court is not duty bound to carry over the terms thereof.[3]

It is also noted that the trial judge has considerable latitude of discretion in the disposition of property and his judgment should not be changed lightly, and in fact not at all, unless it works such a manifest injustice or inequity as to indicate a clear abuse of discretion.[4]

In regard to the matter of the sufficiency of findings of fact, a substantial compliance with Rule 52, Utah Rules of Civil Procedure, is sufficient,[5] and findings of fact and conclusions of law will support a judgment, though they are very general, where they in most respects follow the allegation of the pleadings.[6] Findings should be limited to the ultimate facts and if they ascertain ultimate facts, and sufficiently conform to the pleadings and the evidence to support the judgment, they will be regarded as sufficient, though not as full and as complete as might be desired.[7]

Bearing these rules in mind, we have examined the record which reveals that the matter was heard at different times, the first being limited to the dissolution of the marriage and the subsequent proceeding was confined to the division of property. Findings of Fact and Conclusions of Law pertaining to the property division were prepared by appellant who took no exceptions thereto, but to which respondent objected and at the request of the court the parties submitted affidavits, memoranda and an appraisal of all of the real property *acquired during the marriage.* The court thereafter issued Amendment Supplemental Findings, Conclusions, and Decree which related to only one new matter, that of a piece of real property acquired during the marriage, and the same was ordered sold and the proceeds divided.

Despite the challenge made to the Findings of Fact, they sufficiently support the Decree which effectively divides all of the property of the parties. The fact that the Findings are not absolutely comprehensive is not of such significance as would warrant reversal. This is particularly so in light of appellant's concession that the property division was *not unjust or inequitable,* coupled further with the fact that the court by its final amendment gave full recognition to paragraph 6 of the stipulation by ordering an equal division of the sale proceeds of the property *acquired during the marriage.*

Appellant has failed to bear its burden of showing an abuse of discretion.[8]

Affirmed. Costs to respondent.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

1. *Mathie v. Mathie,* 12 Utah 2d 116, 363 P.2d 779 (1961); *Strong v. Strong,* Utah, 548 P.2d 626 (1976).

2. *Barraclough v. Barraclough,* 100 Utah 196, 111 P.2d 792 (1941); *Callister v. Callister,* 1 Utah 2d 34, 261 P.2d 944 (1953).

3. *Christensen v. Christensen,* 18 Utah 2d 315, 422 P.2d 534 (1967); *Madsen v. Madsen,* 2 Utah 2d 423, 276 P.2d 917 (1954); *Klein v. Klein,* Utah, 544 P.2d 472 (1975).

4. *Wilson v. Wilson,* 5 Utah 2d 79, 296 P.2d 977 (1956); *Johnson v. Johnson,* 21 Utah 2d 23, 439 P.2d 843 (1968).

5. *Fisk v. Patton,* 7 Utah 399, 27 P. 1 (1891).

6. *Cain v. Stewart,* 47 Utah 160, 152 P. 465 (1915).

7. *Fuller v. Burnett,* 66 Utah 507, 243 P. 790 (1926); *Jankele v. Texas Co.,* 88 Utah 325, 54 P.2d 425 (1936).

8. Constitution of Utah, Art. 8, Sec. 9; *Stone v. Stone,* 19 Utah 2d 378, 431 P.2d 802 (1967); *Ridge v. Ridge,* Utah, 542 P.2d 189 (1975).