**DeMar D. JONES, Plaintiff and Respondent.**

v.

**Harriet H. JONES, Defendant and Appellant.**

**No. 18733.**

Supreme Court of Utah.

April 17, 1985.

B.L. Dart, John D. Parken, Salt Lake City, for defendant and appellant.

Glenn Richman, Salt Lake City, plaintiff and respondent.

ZIMMERMAN, Justice:

Defendant appeals from the property distribution and alimony provisions of a decree of divorce, contending that she was not given an appropriate share of the marital assets and that the alimony award is insufficient. We affirm the property division, but reverse the alimony award and remand for further proceedings consistent with this opinion.

The parties were married on December 13, 1952. They separated during May of 1980, and their divorce decree was entered on June 14, 1982. During the course of the marriage, the couple raised four children, built a 4,000-square-foot home in Sandy, Utah, and established a retail pharmacy business, Riverton Drug, which was the primary income-producing asset of the marriage. The husband is a licensed pharmacist. During the early years of the marriage, the wife worked in minor clerical jobs. However, after the family began to grow, she worked only intermittently, usually at the pharmacy or the associated gift shop. Her primary occupation during the marriage was raising the children, although she also volunteered considerable time to a variety of social service organizations.

After a day-long trial, the trial court issued a memorandum opinion awarding the parties a divorce and describing the property to be awarded to each. Shortly thereafter, the wife's counsel submitted findings of fact, which were approved by the trial court. The findings consisted of nothing more than statements taken from the court's memorandum opinion setting out the property division and reciting that it was "fair and equitable." Neither the memorandum decision nor the findings assigned individual values to each of the assets or a total value to the cumulative share being awarded to each party. Under the terms of the decree, the husband received Riverton Drug, including the land, building, and balance sheet assets, a condominium he had purchased subsequent to the parties' separation, together with its furnishings, a country club membership, and all interest in a time-share condominium in Mazatlan. The wife received the family home with its furnishings, a country club membership, a 1980 automobile, and several securities. In addition to the specific items of property, the wife was awarded $10,000 in cash, $3,500 in attorney fees, and monthly alimony of $1,000 for five years, $750 for five additional years, and $500 thereafter. The wife challenges both

the property distribution and alimony provisions of the decree.

In a divorce proceeding, the trial court may make such orders concerning property distribution and alimony as are equitable. U.C.A., 1953, § 30–3–5 (1984 ed.). The trial court has broad latitude in such matters, and orders distributing property and setting alimony will not be lightly disturbed. *See e.g., Higley v. Higley*, Utah, 676 P.2d 379, 382 (1983); *Dority v. Dority*, Utah, 645 P.2d 56, 59 (1982); *English v. English*, Utah, 565 P.2d 409, 410 (1977). However, the trial court must exercise its discretion in accordance with the standards that have been set by this Court. In the present case, we find that the trial court did not comply with those standards. We therefore reverse and remand, but only as to the alimony issue.

We address first the property distribution. The wife argues that the trial court awarded her such a small portion of the marital assets as to make the entire distribution inequitable. Ordinarily, we would assess the merit of such an assertion by reviewing the trial court's findings of fact and the values it assigned to the various items of property included in the distribution. However, in the present case there are no findings of fact that fix these values. In an attempt to compensate for the trial court's failure to make such findings, we have reviewed the record to determine whether the values were apparent from the evidence. However, that examination reveals that the valuation of the most important assets was hotly disputed by the parties. If the trial court accepted one set of values, the wife was clearly awarded too little; if another set was adopted, it is possible that the trial court did not abuse its discretion.

▮ On the present record, we cannot determine whether the trial court distributed the property equitably. *In re Marriage of Martin*, 22 Wash.App. 295, 588 P.2d 1235, 1236 (1979). To avoid problems of this nature, we require that when one of the parties to a property distribution raises a serious question as to the value of one or more of the assets, the trial court's distribution of those assets should be based upon written findings of fact that will permit appellate review. *Cf. Chandler v. West*, Utah, 610 P.2d 1299, 1301 (1980).

Counsel for the wife contends that the matter should be remanded to the trial court for entry of the required findings. The husband contends that such a remand is unnecessary. He relies on *Pearson v. Pearson*, Utah, 561 P.2d 1080 (1977), for the proposition that the trial court need only make generalized findings of fact to support its judgment and that the trial court's statement that the distribution was "fair and equitable" is a sufficient finding to sustain the judgment.

The husband misreads *Pearson*. There the court entered a decree dividing the marital property pursuant to a general formula stipulated to by the parties. Appellant asserted that the court failed to make detailed findings of fact showing that the distribution was in accord with the stipulation. We held that the discretion conferred on the trial court by section 30–3–5 of the Code could not be controlled by a stipulation of the parties and that the trial court's general and rather conclusory findings of fact were sufficient to support the property distribution. *Id.* at 1082. However, we specifically observed that the *Pearson* appellant did not claim that the ultimate distribution was inequitable. That fact was critical to the affirmance. In contrast, the gravamen of the wife's claim here *is* that the distribution was inequitable. To determine whether equity was done, we must have before us specific findings on the facts pertinent to that issue.

▮ Normally, we would grant the remedy sought by the wife and remand for findings on the specific value of the assets. In this case, however, the wife's attorney prepared the inadequate findings of fact she challenges on appeal and the conclusions of law and decree of divorce, all of which the court entered without alteration. Counsel for the wife made no motion to have the trial court amend the findings to include values. *See* Utah R.Civ.P. 52(b).

The wife cannot come now, albeit through new counsel, and complain of her own failure to include specific property values in the findings of fact. She has waived the claim.

The wife's second claim is that the trial court abused its discretion in making the alimony award, considering both the length of the marriage and the present financial resources of the parties. We agree.

■ This Court has described the purpose of alimony: "[T]he most important function of alimony is to provide support for the wife as nearly as possible at the standard of living she enjoyed during marriage, and to prevent the wife from becoming a public charge." *English v. English*, 565 P.2d at 411. With this purpose in mind, the Court in *English* articulated · three factors that must be considered in fixing a reasonable alimony award:

■ the financial conditions and needs of the wife;

■ the ability of the wife to produce a sufficient income for herself; and

■ the ability of the husband to provide support.

*Id.* at 411–12 (citations omitted). *See also Gramme v. Gramme*, Utah, 587 P.2d 144, 147 (1978); *Fletcher v. Fletcher*, Utah, 615 P.2d 1218, 1223 (1980). Nowhere in the trial court's memorandum decision, its findings of fact, or its statements made on the record at the conclusion of the hearing is there any indication that the court analyzed the circumstances of the parties in light of these three factors. And our attempt to perform this analysis through a review of the record evidence compels us to conclude that the trial court abused its discretion in fixing the alimony award.

As noted, the first factor to be considered is the financial condition and needs of the wife. Other than the assets awarded her in the property distribution, the wife has no assets and no outside income. As a result of the success of Riverton Drug, the couple had enjoyed a very comfortable lifestyle. In the property settlement, the wife was awarded no income-producing assets. She was awarded $10,000 in cash and several securities of relatively small value and limited liquidity. She now must make mortgage payments of nearly $700 per month on the residence, wholly apart from ordinary and necessary expenses of food, clothing, and transportation. Assuming that she sells the house and uses the equity to purchase more modest accommodations, it is almost certain that she will be unable to maintain anything even approaching the standard of living she enjoyed during the marriage, given the $1,000 per month alimony awarded by the trial court for the first five years and the decreased amounts awarded for the following years.

The second factor to be considered is the wife's ability to produce a sufficient income for herself. She was married at the age of 23 and was 52 years old at the time of trial. The paid work she did in the early years of the marriage and the miscellaneous functions she performed at the pharmacy and gift shop were all relatively unskilled in nature. During most of the marriage, with the full consent and support of her husband, she devoted her time to raising their four children and donating her services to various social service organizations. She has no professional training and few marketable skills. The husband managed the finances of both the family and the business and provided his wife with an allowance to cover her expenses. When Riverton Drug was finally incorporated, the stock was issued entirely in the husband's name. The wife has no independent income. It is entirely unrealistic to assume that a woman in her mid-50's with no substantial work experience or training will be able to enter the job market and support herself in anything even resembling the style in which the couple had been living. *See Higley v. Higley*, Utah, 676 P.2d 379, 381 (1983).

The final factor to be considered is the ability of the husband to provide support to the wife. The record shows that although the husband paid himself an annual $45,000 from the proceeds of Riverton Drug, the total profits from the business actually amounted to almost $90,000 per year.

While the trial court apparently viewed $45,000 as the husband's total annual income for purposes of determining alimony, in fact he had control over the entire profit, but chose to take only half of it as personal income and to set the rest aside for reinvestment in the business.

 The apportionment of income between personal and business uses is quite properly a matter left to the discretion of the husband as owner of the pharmacy and gift shop. However, how he chooses to allocate that profit is not binding on the court in determining his ability to pay alimony to his ex-spouse. The full profit produced by the business, adjusted by the court to take into account legitimate and reasonable needs of the business for additional capital, should have been used as the basis for assessing the husband's ability to provide for his spouse. In making this analysis, the trial court should not permit all claims of need for capital on the part of the business to take precedence over the support needs of the wife. If these capital needs are a result of discretionary decisions of the husband to expand and improve the business, rather than to maintain it in its present condition, then to permit him to divert income into the business at the expense of his ex-spouse's support needs would be to permit him to enrich himself at her expense. *Cf. Christiansen v. Christiansen,* Utah, 667 P.2d 592, 594 (1983).

On the record, there is no reason to surmise that the income generated by the business will decrease in the future. The husband, therefore, as sole owner, is in an excellent position to provide adequate continuing support to his ex-spouse.

The foregoing analysis leads inexorably to the conclusion that the trial court's alimony award was inequitable, both in terms of the initial amount and the graduated diminution over time. The wife is in her mid-50's, possesses few marketable job skills, and has little hope of retraining. This is simply not the sort of situation in which a decreasing rehabilitative alimony award is appropriate. The husband oper-ates a financially successful business, built up over the course of the marriage through the joint efforts of both the husband and the wife. These facts clearly call for some form of continuing spousal maintenance. The original award must be more substantial, considering the husband's real discretionary income, and should continue at that level for the foreseeable future.

We remand for further findings consistent with this opinion. The trial court, of course, will retain continuing jurisdiction over the matter and may modify the decree on petition of a complaining ex-spouse if the circumstances should change in the future. U.C.A., 1953, § 30–3–5 (Supp.1983).

HALL, C.J., and STEWART, HOWE, and DURHAM, JJ. concur.