**Vanza Eckersley BOYLE, Plaintiff and Appellant,**

v.

**Mark K. BOYLE, Defendant and Respondent.**

**No. 860004-CA.**

Court of Appeals of Utah.

April 15, 1987.

Bruce E. Coke, Larry A. Kirkham, Beaslin, Nygaard, Coke & Vincent, Salt Lake City, for plaintiff and appellant.

Paul H. Liapis, Kent M. Kasting, Gustin, Adams, Kasting & Liapis, Salt Lake City, for defendant and respondent.

Before GARFF, GREENWOOD and BENCH, JJ.

## OPINION

GREENWOOD, Judge:

Plaintiff appeals from a Decree of Divorce which distributed property and debts between the parties, cancelled a pre-marital note executed by defendant in favor of plaintiff, denied plaintiff alimony, and granted a divorce to both parties.

The parties married in 1974 when plaintiff was 56 years old and defendant 63. Both had prior marriages. They separated in 1981 and had no children born of their marriage. Prior to the marriage plaintiff owned a home and had substantial savings. Defendant borrowed $8,000 from plaintiff for payment of taxes prior to the marriage and executed a note reflecting that loan. Some repayment occurred after the marriage. Plaintiff's assets were partially depleted during the marriage by purchase of a home and automobiles. Plaintiff also provided funds to defendant for payment of gambling debts. Defendant, an attor-

ney, contributed his income during the marriage to the couple's living expenses. Plaintiff deposited $9,300 of her pre-marital assets in a joint Merrill Lynch account with an initial total balance of $20,000. After the parties separated they each withdrew funds from the Merrill Lynch account, creating an overdraft of approximately $10,000.

After three days of trial the trial court awarded plaintiff the home of the parties subject to the mortgage obligation, the household furnishings, a 1975 Cadillac, a savings account in her name, and various personal items. Plaintiff and defendant were each ordered to repay one-half of the Merrill Lynch overdraft balance. Defendant was awarded his Keogh plan, a country club membership, a 1975 Blazer, his pension plan, and various personal items. Defendant was also ordered to pay plaintiff's medical bills and all back taxes owed through 1981.

Plaintiff asserts that the trial court abused its discretion by (1) refusing to order defendant to pay to plaintiff the balance of the $8,000 note and other sums advanced by plaintiff to defendant during the marriage for payment of gambling debts; (2) ordering plaintiff to pay one-half of the Merrill Lynch overdraft; (3) failing to award plaintiff alimony; and (4) granting a divorce to defendant as well as to plaintiff. We disagree and affirm the decision of the trial court.

This Court will refrain from disturbing findings of the trial court in a divorce action unless a clear abuse of discretion is shown. *Searle v. Searle,* 522 P.2d 697 (Utah 1974). The trial court is clearly in the best position to weigh the evidence, determine credibility and arrive at factual conclusions. In this case the trial judge considered all evidence presented as to the marital assets and debts as they existed prior to and during the marriage, and subsequent to the separation of the parties. It would be inappropriate for this Court to reverse on an isolated item of property or debt distribution. Rather, this Court must

examine the entire distribution to determine if the trial court abused its discretion.

■ The findings of fact do not include dollar values for most of the property and debts distributed, nor does the record indicate any effort by plaintiff's counsel, who drafted those pleadings for court approval, to have such amounts delineated. In *Jones v. Jones*, 700 P.2d 1072 (Utah 1985), appellant claimed that the trial court had improperly distributed property. The Utah Supreme Court stated that findings of fact must include valuation of assets in order to permit appellate review. In *Jones*, as here, counsel for the party seeking such review had prepared the findings of fact, conclusions of law and decree of divorce and had not included, nor attempted to include, values in those pleadings. The Supreme Court declined to disturb the property distribution, stating that such claim had been waived because the party seeking reversal failed to attempt to include property values in the findings of fact. *Jones* at 1074–75. We agree that a failure to include property valuations in divorce actions may, in some cases, constitute an abuse of discretion sufficient to require remand for determination of values. However, when the lack of valuation results from the complaining party's own draftsmanship and no clear abuse of discretion is otherwise proven, we will defer to the trial court's property distribution. Those factors exist in the case before us and we therefore affirm as to property and debt division.

Plaintiff claims the court further abused its discretion by failing to award her alimony. Medical testimony was received regarding plaintiff's asthma condition and the adverse effect on her ability to be employed. Cross-examination indicated that plaintiff was able to golf frequently despite the asthma, and had been the runner-up in a competition held at Willow Creek Country Club in 1982. Defendant testified that income from his law practice had diminished dramatically. His area of practice, motor carrier transportation law, had suffered from the deregulation of that industry. Also, his major client had terminated their relationship. Defendant anticipated a continued reduction of his salary for those reasons. The court refused plaintiff's request to include a finding that plaintiff was unable to work. The findings, however, do include the following language:

> That this was not a long term marriage, and the court feels that each party is being restored to the condition which existed at the time of the marriage, and therefore no alimony should be awarded. (Findings of Fact No. 18).

The Utah Supreme Court has held that the purpose of alimony is to equalize the standard of living for both spouses, maintain them at their present standard as much as possible, and avoid the necessity of one spouse receiving public assistance. *Higley v. Higley*, 676 P.2d 379 (Utah 1983). In *Jones*, the Court reiterated the factors to be examined in determining alimony as including:

■ the financial conditions and needs of the wife;

■ the ability of the wife to produce a sufficient income for herself; and

■ the ability of the husband to provide support. *Jones* at 1075.

■ These criteria were previously adopted in *English v. English*, 565 P.2d 409, 411–12 (Utah 1977). In *Jones* the Court examined the record for an analysis of the criteria, and considered, among other things, the length of the marriage and the recipient spouse's education and employability. The *Jones* analysis process made it clear that the three pronged criterion does not preclude considering factors such as the length of the marriage in awarding alimony.

■ In *Paffel v. Paffel*, 732 P.2d 96 (Utah 1986) the Utah Supreme Court recently listed the same three factors and stated that "[f]ailure to consider these factors constitutes an abuse of discretion." In *Paffel* the trial court's findings did not specifically address all of the required factors. This Court concurs in the Supreme Court's reflection that more detailed findings on each required factor would assist in the appellate process. However, we find, as did the Supreme Court in *Paffel*, that "the evidence in this case supports the

lower court's order and appellant has made no showing to rebut the presumption that the trial court did consider respondent's income, expenses, and need for support." *Id.* at 102. The third factor, defendant's ability to provide support, was also considered by the trial court in this case. Appellant was awarded most of the marital estate as well as the residue of her premarital assets. She had received several months of temporary support to give her an opportunity to rehabilitate. Evidence was received and disputed as to plaintiff's ability to obtain employment, given her health conditions. Plaintiff had worked up to eight years prior to the marriage of the parties. Defendant testified that his income had decreased and was not likely to increase, because of the change in the nature of his law practice. The short marriage of the parties resulted in a diminution of both plaintiff's assets and defendant's earning abilities. The trial court considered all proffered evidence and rendered a decision to equalize, as far as possible, the adverse impact of the divorce on both. All three of the factors required by *Paffel* were considered by the court. This court finds no abuse of discretion in the denial of alimony.

There is no merit in plaintiff's contention that defendant should not have been granted a divorce. Both parties testified on their grounds for divorce and it was within the sound discretion of the trial judge to grant a divorce to both.

Affirmed. Costs to defendant.

GARFF and BENCH, JJ., concur.