**Catherine B. PECK, Plaintiff and Respondent,**

v.

**Donald J. PECK, Defendant and Appellant.**

**No. 860044–CA.**

Court of Appeals of Utah.

July 2, 1987.

S. Rex Lewis, Howard, Lewis & Petersen, Provo, for defendant and appellant.

Luke G. Pappas, Joane Pappas White, Price, for plaintiff and respondent.

OPINION

Before GREENWOOD, BENCH and ORME, JJ.

BENCH, Judge:

Defendant, Donald J. Peck, appeals from the property distribution of a decree of divorce. We remand for findings on the specific values of the assets.

After 34 years of marriage to defendant, plaintiff Catherine B. Peck filed for divorce on January 6, 1984. During the marriage, the parties acquired substantial assets, including a home and adjacent real property, two family owned and operated businesses, two investment properties, three vehicles, and various household furnishings.

At trial on April 19, 1984, the parties offered conflicting testimony as to the values of the marital assets. At the close of testimony, the court took the matter under advisement and received written closing ar-

guments from counsel. On June 15, 1984, the court entered its findings, conclusions, and decree. In its decree, the court awarded plaintiff the home and adjacent property and the two investment properties with all debts owing thereon. Plaintiff also received one of the family businesses (Peck's Plants), two vehicles, and all household furnishings. The court awarded defendant the other family business (Diana, Inc.), one vehicle, and all personal property in his possession. In its findings, the trial court described each property awarded but failed to assign individual values to each of the assets or a total value to the cumulative share being awarded to each party.

On appeal, defendant alleges the trial court abused its discretion in dividing the marital property. Even using those figures most favorable to plaintiff, defendant contends plaintiff still received well over 90% of the marital property. Defendant requests this Court to reverse the trial court decree or, in the alternative, to remand the matter with instructions to the trial court to enter specific findings of fact.

The Utah Supreme Court decision in *Jones v. Jones*, 700 P.2d 1072 (Utah 1985), which was followed by this Court in *Boyle v. Boyle*, 735 P.2d 669 (Utah App.1987), is controlling in the instant case. In *Jones*, the findings of the trial court merely described the property awarded to each party and failed to assign any specific or cumulative values. The Utah Supreme Court held although the trial court has a broad latitude of discretion in orders concerning property distribution, "the trial court must exercise its discretion in accordance with the standards that have been set by this Court." *Jones*, 700 P.2d at 1074. One of those standards is the "findings of fact must include valuation of assets in order to permit appellate review." *Boyle*, 735 P.2d at 671.

The *Jones* Court attempted to compensate for the lack of findings by reviewing the record for evidence of the values. However, the Court noted such "examination reveals that the valuation of the most

important assets was hotly disputed by the parties. If the trial court accepted one set of values, the wife was clearly awarded too little; if another set was adopted, it is possible that the trial court did not abuse its discretion." *Jones*, 700 P.2d at 1074.

In *Jones* and *Boyle*, the Utah Supreme Court and this Court both ruled that despite the requirement of specific findings, the appellants in both cases waived their claims since they were the parties who prepared the original findings. Failing to prepare the findings to include values, they therefore waived challenges on appeal. In the instant case, respondent plaintiff, not appellant defendant, prepared the findings. Therefore, the *Jones* exception does not apply.

In the instant case, as in *Jones*, the valuation of the most important assets is hotly disputed. If the trial court accepted one set of values, defendant was clearly awarded too little; if another set was adopted, the division could be equitable. Without specific findings of the values, we are unable to determine whether the trial court distributed the property equitably. We therefore remand for findings on the specific values of the assets.

On remand, one of the key assets to be valued is Diana, Inc., the family business awarded to defendant. At trial, both parties testified the amount of money earned by and deposited into the account of Diana, Inc. during 1983 was approximately $750,-000.00 to $1,000,000.00. At about the time the parties separated, defendant closed all the corporate accounts and thereafter ceased all record keeping. Defendant testified that although Diana, Inc. was once a profitable business, at the time of trial, it had a net worth of negative $50,400.00.[1] Plaintiff, unable to show current value due to defendant's failure to keep records, did present some evidence of defendant's mismanagement and large expenditures of corporate funds. In its findings, the trial court expressed concern that defendant had failed to fully disclose the company's true value.

---

1. Defendant blamed the drastic reduction of value on recent repossessions and theft of most of his company vehicles and equipment, resulting in the loss of all major contracts.

Assets are usually valued at the time of the divorce decree. *Berger v. Berger,* 713 P.2d 695, 697 (Utah 1985); *Fletcher v. Fletcher,* 615 P.2d 1218, 1223 (Utah 1980). However, where one party has dissipated an asset, hidden its value, or otherwise acted obstructively, the trial court may, under its broad discretion, value the property at an earlier date, i.e., separation. *In re Marriage of Priddis,* 132 Cal.App.3d 349, 183 Cal.Rptr. 37, 39 (1982); *In re Marriage of Stallcup,* 97 Cal.App.3d 294, 158 Cal.Rptr. 679, 682 (1979). In view of the evidence adduced at trial, the trial court might therefore value Diana, Inc. as of the time the parties separated in November, 1983.

Remanded. No costs awarded.

GREENWOOD and ORME, JJ., concur.