Gay ANDERSEN, Plaintiff
and Appellant,

v.

Glade C. ANDERSEN, Defendant
and Respondent.

No. 870338–CA.

Court of Appeals of Utah.

June 22, 1988.

Larry E. Jones (argued), Hillyard, Anderson & Olsen, Logan, for plaintiff and appellant.

Richard B. Johnson (argued), Orem, for defendant and respondent.

Before GREENWOOD, DAVIDSON and BILLINGS, JJ.

## OPINION

GREENWOOD, Judge:

Plaintiff, Gay Andersen, appeals the trial court's alimony award, its failure to specify the dollar value of the parties' IRA account, and its failure to award plaintiff her attorney fees. We affirm in part, reverse in part and remand.

The parties were divorced in July 1987 after almost thirty-four years of marriage. During the marriage, the parties had four children. Defendant, Glade C. Andersen, was employed as a truck driver during most of the marriage and earned $26,000 annual gross income at the time of trial. Plaintiff was a housewife during the marriage, and her only employment outside the home was as an on-call school lunch cook. In 1987, plaintiff earned $290, and in 1986, $1,153.40. Plaintiff testified at trial that she had no work skills but would like to enroll in business school to acquire clerical skills. She also testified that her monthly expenses were between $875.45 and $915.45 per month. Defendant testified that his monthly expenses were over $1,800 per month. The parties' home, which was paid for, was appraised at $46,000. At the time of the parties' separation in August 1986, their IRA account contained $8,340.76. Defendant liquidated the IRA account in the fall of 1986 but had spent all but $3,300 of those funds at the time of trial.

The trial court found that defendant's current gross income was $26,000 per year with a net monthly income of $1,405 and that defendant had debt payments due of $465 and $97.82 per month. The court found that plaintiff was in good health, had earned $200 per month or less and had begun training for other employment. The court valued the parties' home at $46,000 and noted that there was insufficient income to meet both parties' living expenses and debt obligations. Plaintiff was award-

ed use of the parties' home until April 1, 1989, at which time the home was to be sold and the net proceeds divided equally. Both parties were awarded one-half of the value of the IRA account, but the court did not place a value on the account. The court awarded plaintiff $300 per month alimony until she completed her schooling or became employed full-time. The court found that defendant would have only $843 per month from which to pay the $300 per month alimony and his own living expenses, while plaintiff would have $300 per month alimony and $200 per month earnings and no rent payments.

## ALIMONY

■ Plaintiff contends that the trial court erred in awarding her only $300 per month alimony and in ordering termination of alimony upon her completion of education or full-time employment. In divorce proceedings, the trial court has considerable discretion in adjusting the parties' financial interests. *Lee v. Lee*, 744 P.2d 1378, 1380 (Utah Ct.App.1987). We will not disturb the trial court's decision unless it is clearly unjust or an abuse of discretion. *Gardner v. Gardner*, 748 P.2d 1076, 1078 (Utah 1988). "[T]he most important function of alimony is to provide support for the wife as nearly as possible at the standard of living she enjoyed during marriage, and to prevent the wife from becoming a public charge." *Jones v. Jones*, 700 P.2d 1072, 1075 (Utah 1985) (quoting *English v. English*, 565 P.2d 409, 411 (Utah 1977)). In awarding alimony, the trial court must consider three factors: 1) the financial conditions and need of the spouse seeking alimony; 2) the ability of the spouse seeking alimony to produce sufficient income; and 3) the ability of the paying spouse to provide support. *Id.; Smith v. Smith*, 751 P.2d 1149, 1152 (Utah Ct. App.1988). The trial court must make findings on all material issues, and its failure to do so constitutes reversible error unless the facts in the record are clear, uncontroverted, and capable of supporting only a finding in favor of the judgment. *Gardner*, 748 P.2d at 1078.

■ In this case, the court found that plaintiff was in good health, had earned $200 per month or less and was training for other employment. The record indicates that plaintiff's financial needs were $875.45 to $915.45 monthly while defendant's needs were $1,800 per month. The court found that defendant's net monthly income was $1,405 and that defendant had payments on various loans and accounts totaling $465 per month and a credit union payment of $97.82 monthly. The court then found that after those payments defendant had only $843 per month to pay his own expenses and the $300 per month alimony. Accordingly, the court considered all of the factors set forth in *Jones*. We find that the trial court did not abuse its discretion in awarding plaintiff $300 per month alimony, given the limited resources of the parties.

■ However, we agree with plaintiff that the court abused its discretion in terminating her alimony when she completes her schooling or becomes employed full-time. In *Jones*, the Utah Supreme Court found that an alimony award which decreased over the years was inequitable. Specifically, the Court stated: "The wife is in her mid-50's, possesses few marketable job skills, and has little hope of retraining. This is simply not the sort of situation in which a decreasing rehabilitative alimony award is appropriate." *Jones*, 700 P.2d at 1076. Subsequently, in *Olson v. Olson*, 704 P.2d 564 (Utah 1985), the Court found that the trial court's order that alimony terminate after two years was a clear and prejudicial abuse of discretion where the wife had minimal experience and no reasonable expectation of obtaining employment at the standard of living she enjoyed during the marriage.

As in *Jones* and *Olson*, plaintiff is in her 50's, has spent most of her life providing services to her family with no remuneration, and has minimal work experience. Given that lack of work experience, she cannot be expected to immediately find a job upon completion of her schooling. Also, her salary when she does find employment is unknown. The speculative na-

ture of her future was corroborated during appellate argument when counsel represented that plaintiff had completed school, her alimony had terminated and she had not found employment. Under the facts in this case, the court's order terminating plaintiff's alimony upon completion of her schooling without requiring proof that her financial circumstances had materially changed is an abuse of discretion and places an unwarranted burden on plaintiff. Because this court can modify the final decree in a divorce action, *Olson,* 704 P.2d at 567, we hereby modify the decree of divorce to provide that the $300 per month alimony is awarded and terminates as provided for by law. If there is a material change of circumstances warranting modification, appropriate proceedings may be initiated to modify the decree at that time.

## PROPERTY DISTRIBUTION

The next issue is whether the trial court abused its discretion in awarding plaintiff the parties' home until April 1, 1989, at which time it is to be sold and the proceeds divided equally. Trial courts in divorce proceedings are given considerable discretion in adjusting the parties' financial and property interests. *Burnham v. Burnham,* 716 P.2d 781, 782 (Utah 1986). The trial court's actions are presumed valid, and, to overcome that presumption, the appealing party must demonstrate a that there was "a misunderstanding or misapplication of the law resulting in substantial and prejudicial error, or that the evidence clearly preponderated against the findings, or that such a serious inequity has resulted from the order as to constitute an abuse of the trial court's discretion." *Colman v. Colman,* 743 P.2d 782, 789 (Utah Ct.App. 1987) (quoting *McCrary v. McCrary,* 599 P.2d 1248, 1250 (Utah 1979).

■ In this case, the court awarded plaintiff the parties' home until April 1, 1989. After that date, the court ordered the house sold and the proceeds divided equally. Plaintiff has not demonstrated that by entering the above order the court misapplied the law or that the evidence preponderated against the order. Also, our review of the record does not convince us that the court's order is clearly inequitable. Therefore, we hold that the court did not abuse its discretion in its order regarding the parties' home.

## FINDINGS

■ We next determine whether the trial court abused its discretion in awarding plaintiff one-half of the parties' IRA without making a finding as to the value of the IRA. In order to permit appellate review of a trial court's property distribution in a divorce proceeding, the distribution should be based upon written findings. *Jones,* 700 P.2d at 1074. The findings must place a dollar value on the assets distributed. *Id.; Boyle v. Boyle,* 735 P.2d 669, 671 (Utah Ct.App.1987). Failure to make findings on all material issues is reversible error unless the facts in the record are clear, uncontroverted and capable of supporting only a finding in favor of the judgment. *Gardner,* 748 P.2d at 1078.

In this case, the court awarded plaintiff one-half of the IRA account without placing a value on the account. The record indicates that in July 1986, the account contained $8,340.76. On September 26, 1986, after the parties had separated, defendant cashed the IRA, taking $4,127.95 and transferring $4,000 to another bank certificate. In October 1986, defendant cashed the $4,000 certificate. At trial, defendant testified that $3,300 of the IRA funds were left, but did not explain disposition of the remainder of the funds. Without placing a value on the IRA account, the court awarded plaintiff one-half of the account to each party.

■ Although assets are generally valued at the time of the divorce decree, the trial court may value the property at an earlier date where one party has dissipated an asset, hidden its value or otherwise acted obstructively. *Peck v. Peck,* 738 P.2d 1050, 1052 (Utah Ct.App.1987). In this case, the findings do not state whether the asset is valued as of the time of the divorce decree or at an earlier date. Further, the record does not indicate fully the use of the balance of the IRA fund proceeds by de-

fendant. Therefore, we remand to the trial court for a determination of how the money was spent. Amounts expended for the parties' joint expenses should be deducted from the original $8,340.76 IRA account, and each party should be awarded half of that balance. Expenditures for defendant's individual expenses should not, however, be deducted prior to the division.

### ATTORNEY FEES

 Finally, we consider whether the trial court abused its discretion in failing to award plaintiff attorney fees. Utah Code Ann. § 30–3–3 (1984) provides that a trial court may award attorney fees in divorce proceedings. The award must be based on evidence of both financial need of the party and the reasonableness of the fee awarded. *Walther v. Walther*, 709 P.2d 387, 388 (Utah 1985). The decision to deny or award attorney fees lies primarily within the trial court's discretion. *Id.; Rasband v. Rasband*, 752 P.2d 1331, 1336 (Utah Ct. App.1988).

In this case, plaintiff's income and earning ability paled in comparison to those of defendant. The court found that plaintiff had earned $200 per month or less in the school lunch program while defendant's net monthly income was $1,405. Further, plaintiff testified that she had no means with which to pay her fees. At trial, the parties stipulated that plaintiff's attorney fees of $1,800 were reasonable. Given the great disparity in earnings, we find that the trial court abused its discretion in failing to award plaintiff attorney fees in light of her financial need and the reasonableness of the fees. Accordingly, plaintiff is awarded her attorney fees at trial and on appeal.

Affirmed in part, reversed in part and remanded for further findings and entry of judgment. Other issues raised in this appeal are without merit.

DAVIDSON and BILLINGS, JJ., concur.