Steven Neil **BREINHOLT**, Plaintiff and Appellee,

v.

Jan E. **BREINHOLT**, Defendant and Appellant.

No. 940395–CA.

Court of Appeals of Utah.

Oct. 26, 1995.

L.G. Cutler, Salt Lake City, for Appellant.

Joanne Pappas White, Price, for Appellee.

Before DAVIS, Associate P.J., and GREENWOOD and WILKINS, JJ.

## OPINION

DAVIS, Associate Presiding Judge:

Defendant Jan E. Breinholt appeals from a final decree of divorce entered on June 14, 1994. We reverse and remand in part, and affirm in part.

### I. FACTS

The parties were married in 1977. Shortly after their marriage, defendant went to work for a finance company in Price, Utah, earning approximately $3.50 per hour. Defendant subsequently obtained a position as a receptionist for a coal company making $650 per month. Six months later defendant transferred to a different department within the company and increased her gross monthly income to $1200. Defendant left the employ of the coal company in November 1981 to give birth to the parties' first child.

At the time of their marriage, plaintiff was working for a cement company earning approximately $42,000 annually and enjoying the use of a company car. Plaintiff left the

cement company in February 1985 to begin a family business by the name of Breinholt Music (the business). Both parties worked exclusively at the business until the birth of their second child, when defendant stayed home to care for the parties' two children. Thus, defendant has not worked outside the home since late 1988. In February 1992, plaintiff was appointed as a county commissioner for Carbon County, earning approximately $21,000 annually,[1] which was in addition to the income drawn from the business.

The parties separated in November 1992, and plaintiff filed for divorce in July of 1993. A trial was held on March 7, April 14, and April 15, 1994. The parties primarily disputed the valuation of and income from the business, which affected the property distribution and the calculation of child support and alimony.

Both parties presented extensive expert testimony on both issues. Although the experts agreed for the most part on the valuation method, their opinions regarding the value of the business diverged greatly; plaintiff's expert valued it at $118,000, and defendant's expert valued it as high as $180,000. The principal difference between the valuations arose due to the amount of personal expenses each expert determined should be added back into the business profits and a reasonable salary for plaintiff's services.[2] After considering "both appraisals, the economic conditions in the area and the costs of replacing the business," the trial court found that the business was worth approximately $100,000. Although the trial court specifically declined to address the issue of the personal "expenses aggressively deducted by the [parties] on their income tax returns[,]" the court stated that it "considered all of the evidence on that issue" in determining the business's value.

Defendant appeals the trial court's valuation of the business, child support, and alimony awards.

## II. ISSUES

Defendant raises several issues on appeal: (1) Was the trial court's alimony award an abuse of discretion? (2) Did the trial court err by failing to determine what expenses were necessary for the operation of the family business for child support purposes? and (3) Did the trial court err in finding that the value of the business was $100,000?

## III. ANALYSIS

### A. Alimony

 "Trial courts have considerable discretion in determining alimony … and will be upheld on appeal unless a clear and prejudicial abuse of discretion is demonstrated." *Howell v. Howell*, 806 P.2d 1209, 1211 (Utah App.), *cert. denied*, 817 P.2d 327 (Utah 1991). We review a trial court's conclusion of law with respect to alimony awards for correctness, according no deference to the trial court. *Id.* If, however, we are charged with the task of reviewing the trial court's findings of fact, we will reverse only if the findings are clearly erroneous. *Id.*

Defendant takes issue with the trial court's alimony award, claiming that the trial court erred by (1) failing to enter appropriate findings of fact supporting the award and (2) refusing to consider plaintiff's unearned income and income from his second job in its alimony calculation. We address each claim in turn.

### 1. Failure to Enter Sufficient Findings of Fact

 Defendant argues that the trial court abused its discretion in fashioning the alimony award because it failed to enter sufficient findings regarding the parties' financial needs. It is well established that the " 'function of alimony is to provide support for the [receiving spouse] as nearly as possible at the standard of living [he or] she enjoyed during marriage, and to prevent the [receiving spouse] from becoming a public charge.' " *Jones v. Jones*, 700 P.2d 1072, 1075 (Utah 1985) (quoting *English v. English*, 565 P.2d 409, 411 (Utah 1977)). To attain these goals, the trial court must con-

---

1. Plaintiff was elected to a full term in November 1994.

2. Defendant's expert also had a mathematical error of $7300 in his calculations.

sider (1) the financial conditions and needs of the receiving spouse; (2) the ability of the receiving spouse to support him or herself; and (3) the ability of the payor spouse to provide support. *Id.* An underlying factor regarding the payor spouse's ability to provide support is the payor spouse's financial need. "[T]he payor spouse's reasonable needs are a necessary subsidiary step in determining the ability to provide support." *Willey v. Willey,* 866 P.2d 547, 551 & n. 1 (Utah App.1993). The trial court is required to enter sufficient findings on the three enumerated factors, and we will reverse if it fails to do so unless the relevant facts contained within the record are " 'clear, uncontroverted, and capable of supporting only a finding in favor of the judgment.' " *Howell,* 806 P.2d at 1213 (quoting *Andersen v. Andersen,* 757 P.2d 476, 478 (Utah App.1988)).

In the case at bar, the trial court made no findings of defendant's financial needs as required, nor did it make findings of plaintiff's financial needs, an "underlying factual determination ... required for an assessment" of plaintiff's ability to provide support. *Willey,* 866 P.2d at 551. Although each party testified regarding their monthly expenses, the trial court did not enter findings regarding the reasonableness of the expenses. Based on this failure, "we remand for findings on each party's reasonable needs so we can determine if the court abused its discretion in setting the amount ... of the alimony award." *Id.*

We note that because the court must enter findings on plaintiff's financial needs and ability to pay support, this necessarily requires findings regarding plaintiff's personal expenses, if any, paid by the business. The Utah Supreme Court has held that when determining a self-employed payor spouse's ability to provide support, the trial court must examine "[t]he full profit produced by the business, adjusted by the court to take into account *legitimate and reasonable* needs of the business." *Jones,* 700 P.2d at 1076 (emphasis added). In the case at bar, there was substantial evidence before the trial court that the parties expensed personal items through the business. Thus, determining which personal expenses plaintiff deducts from business profits is essential for a correct representation of plaintiff's ability to provide support. If plaintiff expenses a large amount of personal items from the business, this will have the effect of lowering the business's profitability and, hence, plaintiff's ability to provide support. Thus, the personal expenditures must be added back into the business profits, providing the court with a truer picture of plaintiff's financial abilities and augmenting plaintiff's ability to provide defendant with alimony support.

### 2. Failure to Consider Unearned Income and Income From Second Job

The trial court refused to consider plaintiff's unearned income and income from his second job in fashioning the alimony award, stating in its findings of fact:

18. ... Since marital assets were divided equally and neither party has substantial non-marital property, the court finds that investment "unearned" income is presumed to be equal, insubstantial in comparison with "earned" income and, therefore, excluded from the alimony calculations.

19. ... Utah law is clear that the Court should consider only the income from the equivalent of one (1) full-time job in setting child support, § 78–45–7.5(2) Utah Code Annotated (1993). This Court believes that the policy behind that rule applies with even greater force when considering the issue of alimony. Accordingly, the Court did not consider Plaintiff's earnings from his second job in setting alimony.

The trial court's statement of the law regarding income from plaintiff's second job and unearned income is incorrect as it applies to the issue of alimony. This court has previously held that when determining an alimony award, "it is appropriate and necessary for a trial court to consider all sources of income that were used by the parties during their marriage to meet their self-defined needs, from whatever source—overtime, *second job,* self-employment, etc., as well as *unearned income.*" *Crompton v. Crompton,* 888 P.2d 686, 690 (Utah App.1994) (emphasis added). *See also Paffel v. Paffel,* 732 P.2d 96, 102 (Utah 1986) (holding trial

court did not abuse its discretion by considering payor's spouse's income in determining payor's ability to pay alimony); *Yelderman v. Yelderman*, 669 P.2d 406, 409 (Utah 1983) (court considered income sources in addition to employment income in determining alimony); *Osguthorpe v. Osguthorpe*, 804 P.2d 530, 534 (Utah App.1990) (same); *Ruhsam v. Ruhsam*, 742 P.2d 123, 125–26 (Utah App. 1987) (holding that retirement and disability pay properly considered in addition to employment income in determining alimony).

█ Not only does the law require that the trial court consider plaintiff's income from a second job, but plaintiff also testified that the parties used the county commission income to pay household expenses.[3] This fact supports our conclusion that the income must be considered in the alimony calculations.

█ Additionally, unearned income must be considered by the trial court when fashioning the alimony award. The third *Jones* factor is the ability of the supporting spouse to provide support. 700 P.2d at 1075. The trial court found that each party had approximately $6000 per year in unearned income.[4] The trial court felt that this amount was insignificant and, in any event, a wash. We disagree and conclude that it affects plaintiff's ability to provide support as well as defendant's need and, accordingly, must be considered by the trial court.[5]

While consideration of the additional income may or may not result in an adjustment of the award, we hold the trial court abused its discretion by refusing to consider plaintiff's income from his county commission job and the parties' unearned income in calculating the alimony award. On remand, we instruct the court to take these additional items of income into consideration when determining whether the amount of alimony awarded was correct.

## B. Child Support Determination

Defendant next assigns error to the trial court's failure to enter findings of fact regarding the necessary business expenses when it calculated plaintiff's gross income for child support purposes.

█ A trial court is accorded "considerable discretion in adjusting the financial interests of divorced parties and, thus, the court's 'actions are entitled to a presumption of validity.' " *Allred v. Allred*, 797 P.2d 1108, 1111 (Utah App.1990) (quoting *Hansen v. Hansen*, 736 P.2d 1055, 1056 (Utah App.), *cert. denied*, 765 P.2d 1277 (Utah 1987)). We will not reverse a child support determination "absent 'manifest injustice or inequity that indicates a clear abuse of … discretion.' " *Jensen v. Bowcut*, 892 P.2d 1053, 1055 (Utah App.) (quoting *Hansen*, 736 P.2d at 1056, *cert. denied*, 899 P.2d 1231 (Utah 1995)). Additionally, a trial court is required to enter detailed and specific findings on all material issues "which must be considered when making a child support award." *Allred*, 797 P.2d at 1111. If it fails to do so, we will reverse " 'unless the facts in the record are "clear, uncontroverted, and capable of supporting only a finding in favor of the judgment," ' " *Jefferies v. Jefferies*, 752 P.2d 909, 911 (Utah App.1988) (quoting *Acton v. J.B. Deliran*, 737 P.2d 996, 999 (Utah 1987) (citation omitted)). Findings are adequate if they are " 'sufficiently detailed and include enough subsidiary facts to disclose the steps by which the ultimate conclusion on each factual issue was reached.' " *Stevens v. Ste-*

---

3. Plaintiff claims that his income as county commissioner was not part of the family's historical earnings because he was appointed to the commission only six months before the parties separated, and therefore the income should not be considered on that basis. However, this court has held that when calculating alimony, the trial court should look at the standard of living which exists at the time of trial. *Howell v. Howell*, 806 P.2d 1209, 1212 (Utah App.), *cert. denied*, 817 P.2d 327 (Utah 1991). This exercise is "consistent with the goal of equalizing the parties' post divorce status." *Id.*

4. Although the trial court did not support this amount with sufficient evidentiary findings, neither party disputes the amount.

5. The fact that plaintiff has $6000 in additional annual income does not necessarily mean defendant is entitled to additional alimony. Conversely, the fact that $6000 of defendant's needs are satisfied does not necessarily mean that alimony will be reduced by that amount.

*vens,* 754 P.2d 952, 958 (Utah App.1988) (quoting *Acton,* 737 P.2d at 999).

■■■ In the case at bar, plaintiff is self-employed. Accordingly, his gross income for child support purposes is calculated by "subtracting *necessary* expenses required for self-employment ... from gross receipts." Utah Code Ann. § 78–45–7.5(4)(a) (Supp.1995) (emphasis added). Section 78–45–7.5(4)(a) further provides that "[t]he income and expenses from self-employment ... *shall* be reviewed to determine an appropriate level of gross income available to the parent to satisfy a child support award. *Only those expenses necessary to allow the business to operate at a reasonable level may be deducted from gross receipts." Id.* (emphasis added). Although the trial court is accorded discretion when applying section 78–45–7.5(4), *Jensen,* 892 P.2d at 1057; *see also Bingham v. Bingham,* 872 P.2d 1065, 1067 (Utah App.1994) (stating trial court is in best position to determine what expenses are necessary), it must consider which expenses are necessary in order to make a child support determination. Thus, in order for this court to ensure that the trial court's calculation of plaintiff's gross income was rationally based, specific and detailed findings of fact on the issue are necessary. *See Stevens,* 754 P.2d at 959. However, the court made no findings regarding the necessary expenses of the business, which was a highly contested issue between the parties. The lack of specific findings on this critical issue and the absence of a clear, uncontroverted record require that we reverse and remand the case to the trial court for specific findings to support its child support award.[6]

### C. Business Valuation

■■■ Lastly, defendant claims that the trial court's finding that the business had a value of $100,000 was in error.[7] The trial court's actions regarding the parties' property interests " 'are entitled to a presumption

of validity.' " *Godfrey v. Godfrey,* 854 P.2d 585, 588 (Utah App.1993) (quoting *Argyle v. Argyle,* 688 P.2d 468, 470 (Utah 1984)). Thus, "the trial court's valuation of marital property will not be disturbed absent a clear abuse of discretion." *Id.* When challenging a trial court's findings of fact, the party must "marshal all the evidence supporting the trial court's findings and then ... show the evidence to be legally insufficient to support the findings." *Rudman v. Rudman,* 812 P.2d 73, 79 (Utah App.1991). If the party challenging the finding fails to marshal the supporting evidence, the trial court's finding will not be disturbed on appeal. *See id.*

■■■ After reviewing the record, we hold that not only was there a substantial amount of evidence presented to the trial court supporting its finding regarding the value of the business, but defendant has failed to marshal that supporting evidence and demonstrate that it was unsupportive of the trial court's finding. Thus, we affirm the trial court's finding regarding the value of the business.

## IV. CONCLUSION

We hold that the trial court erred by failing to enter sufficient findings of fact regarding the parties' financial needs and further erred by not considering plaintiff's income from his second job and the parties' unearned income when calculating the alimony award. Thus, we reverse and remand so the trial court may enter further findings in light of this opinion and reconsider the alimony award after it has entered the appropriate and necessary findings.

Additionally, we reverse and remand the child support determination so sufficient findings of fact may be entered regarding the necessary business expenses. If the trial court determines that the initial child support award was in error after considering the necessary expenses of the business, it may

6. "Our holding should not be interpreted to mean that the trial court's decision as to the amount of child support is incorrect, but only that the court's findings of fact are insufficient to allow appellate review" of the trial court's determination of plaintiff's gross income for child support purposes. *Jefferies,* 752 P.2d at 912.

7. Although defendant attempts to couch her claim as a failure to enter findings regarding the return of investment value employed by the trial court, her argument is essentially an attack on the value the trial court assigned to the business. Thus, we treat it as such.

enter a child support order consistent with its findings.

Lastly, because the evidence supports the trial court's finding regarding the valuation of the business and because defendant has failed to correctly challenge this finding, we affirm the trial court's determination on this issue.

GREENWOOD and WILKINS, JJ., concur.