## HATHAWAY v. UNITED TINTIC MINES CO.

### No. 2440. Decided April 30, 1913 (132 Pac. 388).

1. APPEAL AND ERROR—CLERK'S CERTIFICATE OF APPEAL BOND—CONCLUSIVENESS. The clerk's certificate that an undertaking on appeal in due form has been properly filed, made in compliance with the statute, is conclusive evidence that the appellant has complied with the law respecting the filing of an undertaking on appeal. (Page 521.)

2. MECHANICS' LIENS—ACTION TO ENFORCE—BURDEN OF PROOF. Claimant, in an action to foreclose a mechanic's lien, whose allegations were denied by answer, had the burden of proving that he was entitled to a mechanic's lien and that he had complied with the statute. (Page 522.)

3. APPEAL AND ERROR—FINDINGS—EVIDENCE TO SUPPORT. The trial court should not make a finding of fact where there is no evidence to support it, and its judgment thereon will be reversed. (Page 522.)

4. APPEAL AND ERROR—REVIEW—REMAND. Where the evidence did not establish a mechanic's lien, but would support a judgment for a specified sum, the court on appeal from a judgment for claimant will not enter judgment where claimant may be able to establish a lien and where the case was tried in the absence of defendant's counsel, but will remand for a new trial. (Page 523.)

5. COSTS—ON APPEAL—APPELLANT FAILING TO APPEAR AT TRIAL. Where counsel for appellant in an action to foreclose a mechanic's lien was personally served with notice of trial, but did not appear, the court on reversing the judgment for claimant will deny appellant his costs on appeal. (Page 523.)

STRAUP, J., dissents in part.

APPEAL from District Court, Fifth District; *Hon. Joshua Greenwood*, Judge.

Action by J. S. Hathaway against the United Tintic Mines Company.

Judgment for plaintiff. Defendant appeals.

REVERSED AND REMANDED

*C. E. Norton* for appellant.

*Miner* and *McKnight* for respondent.

FRICK, J.

This is an action in equity to foreclose a mechanic's lien. The district court entered a judgment or decree foreclosing said lien, and to satisfy the same ordered the property sought to be covered thereby sold and the proceeds of sale distributed in accordance with the decree. The appellant presents the record on appeal and asks us to reverse the judgment for the reasons hereinafter stated.

A preliminary question must be first determined. Respondent interposed a motion to dismiss the appeal upon substantially the following grounds:

(1) That the appellant had practically abandoned the appeal and had not filed the same in time; and (2) that an undertaking on appeal as provided by our statute had not been filed. The first ground is untenable for the reason that the record affirmatively shows that a notice of appeal was served and filed within the time and in the manner and form required by law; and, further, that appellant after doing so complied with the law in perfecting the same. Nor can the motion be sustained upon the second ground for the reason that the clerk, among other things, certifies "that an undertaking on appeal in due form in said action has been properly filed in my office." The clerk's certificate is in compliance with the requirements of our statute, and is conclusive evidence that the appellant has complied with the law respecting the filing of an undertaking on appeal. The motion to dismiss the appeal must therefore be overruled.

Proceeding now to the merits, we remark that, while appellant has assigned a number of errors, those that seem to be relied on in the brief, in substance, are that there is no evidence whatever in support of certain findings of fact made by the district court, and that the judgment or decree is contrary to law.

After a careful examination of the evidence produced by the respondent at the hearing, all of which is certified to this court, we are clearly of the opinion that the first assignment is well taken. The action was one to foreclose a mechanic's lien claimed against certain mining property. All of the allegations of the complaint were denied in appellant's answer. It therefore became necessary for respondent to prove facts from which the court could legally determine and find that he was entitled to a mechanic's lien, and that he had complied with the terms of our statute relating to the establishment of mechanics' liens. There **2, 3** is no evidence whatever in the record from which the court couldy legally determine that the respondent had in any particular complied with the terms of the mechanic's lien statute. There is no evidence whatever that a "notice of intention" to claim a lien was ever made or filed as required by our lien law. Notwithstanding the denials in the answer, and that no evidence whatever was adduced at the hearing with respect to the matters just stated, the court nevertheless found the facts showing that the respondent had complied with the provisions of our mechanic's lien statute, and hence was entitled to a lien against certain mining claims. In addition to this, the court without any evidence whatever found that respondent was entitled to twenty dollars costs for preparing and filing a lien, and twenty-five dollars as an attorney's fee for foreclosing the same. The court entered a judgment or decree foreclosing the lien aforesaid and for the costs and attorney's fee aforesaid, and ordered the mining claims sold to satisfy the amount claimed in said lien, and the costs and fees aforesaid.

The court might just as well have entered a judgment and established and foreclosed a mechanic's lien against any other citizen of this state as against appellant so far as the evidence justified such a judgment. The finding of facts and entering of judgments are solemn acts, and no court should permit itself to make a finding of fact where the

record is conclusive, as in this case, that there is absolutely
no evidence to support such finding.

The evidence adduced at the trial would, however, support
a judgment at law for a specific sum of money. In view
that this is an equity case and one in which we have power
to enter a decree or judgment, we have hesitated somewhat
whether or not to remand the case for a new trial.
As we view the record, it would hardly be fair to
either party for us to enter or direct merely a money
judgment for the following reasons:

(1) Because the respondent may be able to establish
a mechanic's lien, and if he can do so he should be given
the benefit of it, including the statutory costs and fees; (2)
because the appellant, as we have seen, denied all liability,
as well as the existence of a lien. The case was, however,
tried in the absence of appellant's counsel for some reason
not disclosed by the record.

For the foregoing reasons and inasmuch as neither the
findings nor judgment can stand, it is deemed but fair to
remand the case for a new trial and give each one of the
parties an opportunity to make good his claims as they ap-
pear from the pleadings.

The judgment is therefore reversed, and the cause is re-
manded to the district court, with directions to grant a new
trial, hear the evidence, and make findings of fact and con-
clusions of law, and enter judgment accordingly.

The record shows that appellant's counsel was personally
served with proper notice of the time and place of trial, and
no cause whatever is shown why he did not appear at the
trial; but the record does show that he did not appear.
Had he appeared, it is quite probable that upon the slight-
est objection upon his part the respondent might have
submitted the formal evidence which was necessary
to entitle him to recover. When the errors com-
plained of could be so easily overcome by merely pointing
to them in the court below, we think that the party failing
to do so should not be permitted to recover a judgment for
costs against his adversary, and especially not when it ap-

pears, as in this case, that the plaintiff is impecunious and under the statute is permitted to prosecute his case as an impecunious person. The foregoing reasons impel us to exercise the discretionary power vested in us with respect to costs and to deny appellant his costs on this appeal.

McCARTY, C. J., concurs.

STRAUP, J.

I concur, but not in the order relating to costs. If an aggrieved litigant is entitled to costs when a case is reversed for prejudicial error committed in his presence, I think for stronger reasons should he have costs upon a reversal for such error committed in his absence. The plaintiff had the burden. He was unable, or failed, to make a case even without an adversary, and procured the court to make findings without evidence. It is not shown that the defendant was to blame for that. It should not be expected that the defendant unsolicited ought to have been present and to have assisted the plaintiff in making a case against itself and in guarding him against blunders. Of course, it is within our power and discretion to deny costs to the appellant, but I see no good reason for doing so.