Stephen MARTINDALE, d/b/a MAR-TON, Plaintiff, Respondent, and Cross–Appellant,

v.

Tom ADAMS, a/k/a Kenneth Thomas Adams, and James Marinos, Defendants, Appellants, and Cross–Respondents.

No. 870247–CA.

Court of Appeals of Utah.

July 13, 1989.

---

David K. Smith (argued), Midvale, for defendants, appellants and cross-respondents.

Douglas C. Mortensen (argued), Matheson, Jeppson & Mortensen, Salt Lake City, for plaintiff, respondent and cross-appellant.

Before BENCH, GARFF and ORME, JJ.

## OPINION

ORME, Judge:

This case arises from a routine dispute between a property owner, his lessee, and a building contractor. The usual issues concerning liability, foreclosure of a mechanic's lien, and the availability of offsets can be summarily resolved. However, this case presents interesting questions concerning the effect of written but unsigned findings of fact, as well as the authority of a trial court to award less than the apparently reasonable amount of requested attorney fees for no obvious reason and without explanation.

## FACTS

This dispute originated with the performance of certain repairs on a home owned by James Marinos. Stephen Martindale, a building contractor, entered into an agreement to make the repairs with Tom Adams, who was leasing the home from Marinos. Notwithstanding his status as lessee, Adams represented to Martindale that he in fact owned the home. Martindale did not learn otherwise until he subsequently checked title records in connection with filing a mechanic's lien.

After considerable work had been done and contrary to the terms of the agreement calling for periodic payments upon request therefor, Adams refused to pay Martindale until all work was completed. Accordingly, Martindale filed this action, naming both Adams and Marinos as defendants. Martindale sought to recover the amount due him under the contract with Adams, and also sought foreclosure of the mechanic's lien he had filed against the home. Adams and Marinos were represented by the same attorney, and filed a joint answer denying liability. Adams also counterclaimed for damages, alleging that the repairs were not completed by Martindale in a competent manner.

Following a bench trial, the court awarded Martindale a personal judgment against both Adams and Marinos, which reflected an offset in accordance with the counterclaim.[1] The court deferred ruling on Martindale's entitlement to foreclose the mechanic's lien and to an award of attorney fees, instead suggesting the defendants pay the net judgment due Martindale within two weeks. Two weeks passed without payment and Martindale then moved the court for an order foreclosing the lien and awarding him attorney fees. A hearing was held to consider Martindale's motion, but neither Adams, Marinos, nor their counsel attended. The court ordered the foreclosure and awarded Martindale a portion of his requested attorney fees. All parties appeal some aspect of the court's judgment.

## VALIDITY OF MECHANIC'S LIEN AS AGAINST LESSOR

■ Marinos raises two arguments in connection with the mechanic's lien fore-

---

1. The offset was credited against the amount otherwise adjudged due from Marinos as well as Adams, even though only the latter asserted a counterclaim.

closure. First, he claims there is no evidence in the record establishing that he contracted for the repairs with Martindale or that he obligated Adams, his lessee, to contract for the repairs. Thus, he contends the foreclosure of the mechanic's lien as against his interest in the property was improper. We agree with Marinos on this point. Our review of the record discloses not even an allegation by Martindale that Marinos contracted with, insisted that Adams contract with, or authorized Adams to contract with Martindale for the repairs, let alone evidence supporting such an allegation. *See* Utah Code Ann. § 38-1-3 (1988). *See also, e.g., Interiors Contracting Inc. v. Navalco,* 648 P.2d 1382, 1386-87 (Utah 1982) (a lessor's interest is subject to a mechanic's lien only if there exists "an express or implied contract between the lessor or his agent and the contractor."). Furthermore, we find no legal support for Martindale's argument that Adams' misrepresentation about ownership can somehow be used against Marinos to establish his liability since Marinos, from all that appears, did not participate in the misrepresentation.

The record suggests that judgment may have been entered against Marinos simply because he did not attend trial or otherwise present evidence that he did *not* contract for or authorize the repairs. However, since Marinos appeared at trial, albeit through counsel, and was not in default, his lack of personal participation does not provide a basis for the entry of judgment against him. Martindale, as the lien claimant, has the burden of proving entitlement to the lien, which includes proving an appropriate legal basis under § 38-1-3 for imposing the lien on Marinos' ownership interest in the home. *See Hathaway v. United Tintic Mines Co.,* 42 Utah 520, 132 P. 388, 389 (1913) (lien claimant has the burden of proving all elements necessary to establish entitlement to mechanic's lien). *Cf. Zions First Nat'l Bank v. Carlson,* 23 Utah 2d 395, 464 P.2d 387, 390 (1970) (mere showing of lessor relationship to party who contracted for improvements insufficient to subject lessor's interest to mechanic's lien where lease did not require improvement to be made). Accordingly, because Martindale failed to prove that Marinos contracted for or required that Adams contract for the repairs, the judgment, insofar as it orders foreclosure of the mechanic's lien, is reversed.[2]

■ Closely related to the previous challenge, Marinos also claims there is no legal basis for imposing liability on him for Martindale's attorney fees. We agree. Marinos was not a party to the repair contract, which provided for an award of fees and which supports imposing a fee award against Adams. As just held, the mechanic's lien is invalid as against Marinos' interest in the property. Accordingly, there is no legal basis for awarding attorney fees against Marinos, *see* Utah Code Ann. § 38-1-18 (1988), and that aspect of the court's judgment is also reversed.

## "ELECTION OF REMEDY"

■ Adams and Marinos both take issue with two aspects of the judgment entered against them personally.[3] First, they claim the court erred in entering both personal judgments and a decree foreclosing the mechanic's lien and instead should have required Martindale to elect but one remedy. This argument is wholly without merit. While Martindale is entitled to collect the amount of his judgment only once, the court could certainly enter both personal judgments and an order foreclosing the mechanic's lien, allowing Martindale the option of choosing his method for a single recovery. *See, e.g., Harris–Dudley*

---

**2.** The facts of this case would support a decree foreclosing the mechanic's lien as against Adams' interest, as lessee, in the property. However, perhaps because the value of this leasehold in residential property was marginal, Martindale has not sought foreclosure against the leasehold.

**3.** We note that Marinos does not challenge the imposition of a personal judgment against him as such. He only takes exception to the two specific matters treated in the balance of this opinion. Since, as will be seen, we reject both arguments, the personal judgment against him stands.

*Plumbing Co. v. Professional United World Travel Ass'n,* 592 P.2d 586, 588 (Utah 1979).

## UNSIGNED FINDINGS

■ Second, Adams and Marinos take exception to the trial court's failure to sign the findings of fact and conclusions of law, *see* Utah R.Civ.P. 52(a), although they cite no authority which supports their argument that unsigned findings are the legal equivalent of no findings. Under the facts of this case, we are not persuaded that Rule 52 requires reversal or even remand so that signing can be accomplished. Rule 52 does not mandate the entry of *signed,* written findings and conclusions. On the contrary, the court may even state its findings orally if it chooses. In this case, the court's signed, written judgment expressly refers to its previously entered findings of fact and conclusions of law. Only one set of findings and conclusions appears in the record, to which defendants filed no objection. On appeal, defendants raise no legitimate argument that these unsigned findings are not those referred to by the court in its signed, written judgment. It is clear these written findings, plus certain comments made from the bench, constitute the court's findings of fact for purposes of Rule 52. Accordingly, we need not disturb the judgment based on the court's mere clerical oversight in failing to sign its findings and conclusions.[4]

## BASIS FOR OFFSET

■ Martindale raises two challenges in his cross-appeal. First, he claims the record does not support the court's awarding an offset on Adams' counterclaim for damages arising from Martindale's claimed substandard performance. We agree. In announcing its decision, the court expressly relied on the testimony of Mr. Baumann as the basis for the offset. However, Baumann conceded in his testimony that he had no personal knowledge of Martindale's involvement with or responsibility for the defects he identified. On the other hand, Martindale's essentially uncontradicted testimony[5] establishes that he had not worked on, caused, nor had responsibility to repair those defects Baumann identified. Furthermore, the amount awarded as an offset was based solely on Baumann's admitted speculation, elicited from him by the court after he stated that he had no opinion as to the amount necessary to correct the defects. Accordingly, we find no evidence supporting a basis for or the amount of the offset, and we reverse it.

## REDUCTION OF ATTORNEY FEES

■ Second, Martindale claims the court erred in awarding him less than the entire amount he requested for attorney fees. This contention has merit. Martindale's attorney testified that Martindale had reasonably incurred fees and costs relating to this action in the amount of $1663.80. He furnished specific details of the time spent and rates charged. Defendants raised no objection to this testimony and, in fact, neither they nor their counsel even attended the hearing at which the issue of fees was addressed. Nonetheless, the court awarded Martindale less than the amount requested—the surprisingly round sum of $1,000—without finding the request unreasonable or offering any explanation as to the basis for the reduction. This is improper. Where the evidence supporting the rea-

---

4. We would likely be required to do otherwise in many other situations, including where multiple versions of proposed findings remained unsigned or where timely objections were lodged, but not expressly ruled on. In such situations, unlike here, it may not be obvious whether the court had actually made findings and, if so, which version had been entered. It is of course preferable that a court's written find-ings be signed, to avoid even the possibility of confusion.

5. Although Adams also testified concerning these alleged defects, it appears that the trial court understandably found his testimony in this regard to be mostly unintelligible and altogether unhelpful to proving the merits of his counterclaim.

sonableness of requested attorney fees is both adequate and entirely undisputed, as it was here, the court abuses its discretion in awarding less than the amount requested *unless* the reduction is warranted by one or more of the factors described in *Dixie State Bank v. Bracken*, 764 P.2d 985, 987–91 (Utah 1988). *See also Mountain States Broadcasting v. Neale*, 776 P.2d 643, 649 n. 10 (Utah Ct.App.1989) (reasonable fee excludes amounts attributable to issues or claims on which party otherwise entitled to fee was unsuccessful). *Cf. South Sanpitch Co. v. Pack*, 765 P.2d 1279, 1282–83 (Utah Ct.App.1988) (remand for entry of attorney fee judgment, as damages, in amount of uncontroverted evidence). To permit meaningful review on appeal, it is necessary that the trial court, on the record, identify such factors and otherwise explain the basis for its sua sponte reduction. Accordingly, we remand the issue of attorney fees with instructions to amend the judgment against Adams to award Martindale an additional $663.80 for attorney fees, unless the court identifies a proper legal basis for reducing that amount in light of the undisputed testimony of Martindale's attorney.

## CONCLUSION

In summary, the order authorizing foreclosure of the mechanic's lien and the award of attorney fees against Marinos is reversed. The personal judgment against Adams and Marinos is affirmed, except that on remand the court should amend the judgment to reflect our reversal of the offset awarded on Adams' counterclaim. The court must reevaluate the amount it awarded Martindale for attorney fees, employing the more focused approach explained in this opinion. Additionally, Martindale is entitled to an award against Adams of his attorney fees reasonably incurred on appeal, *see, e.g., Management Servs. Corp. v. Development Assocs.*, 617 P.2d 406, 408–09 (Utah 1980), and on remand the court must also determine this amount.

BENCH and GARFF, JJ., concur.