**Michele McIver BELL, Plaintiff and Appellant,**

v.

**Harold Freeman BELL, Defendant and Appellee.**

No. 900183–CA.

Court of Appeals of Utah.

April 23, 1991.

Lyle W. Hillyard (argued), Hillyard, Anderson & Olsen, Logan, for plaintiff and appellant.

Craig S. Cook (argued), Salt Lake City, for defendant and appellee.

Before BILLINGS, GARFF, and ORME, JJ.

## OPINION

BILLINGS, Judge:

Appellant Michele McIver Bell (Wife), and Appellee Harold Freeman Bell (Husband), were married in 1979 at Logan, Utah. One child, age six at the time of the divorce, was born during the marriage.

Husband serves as a Major in the Air Force and is stationed in New Mexico. His monthly salary at the time of the divorce was $3,660, or approximately $40,000 per year. During the marriage, Husband

earned a master's degree which assisted him in the advancement of his military career. Wife claims the degree was a result of joint efforts of Husband and Wife. Wife claims the parties agreed she would assist Husband in pursuing his degree, and when she decided to return for her graduate degree, Husband would support her. Husband admits Wife assisted him in obtaining his degree and does not explicitly deny that he agreed to support Wife when she returned to school to obtain her graduate degree.

At the time of trial, Wife was pursuing a master's degree in education at Utah State University and was making $863 per month as a teaching assistant. Prior to attending Utah State, Wife taught school in North Carolina making about $1,500 per month, or approximately $18,000 a year.

The parties purchased a home in North Carolina and resided there between 1983 and 1987. Both parties incurred substantial debt in their individual names during the marriage.

In April 1987, Husband was ordered to Korea for a one year tour of duty. Wife did not accompany him, but remained in North Carolina.[1]

Wife began working on her master's degree at Utah State in 1988. Although Husband had sent Wife between $1,600 and $1,800 per month while he was stationed in Korea, once Wife began attending Utah State, he refused to provide Wife with financial support other than $450 per month to support their child, apparently because he disapproved of her relocation and educational advancement.

Wife filed for divorce in March 1989, and in March 1990, the parties were granted a divorce based on irreconcilable differences. Under the divorce decree, Wife was awarded custody of the parties' child subject to reasonable visitation by Husband. Husband was ordered to pay $450 per month

child support. Wife was awarded an interest in Husband's military retirement, subject to a reduction of $3,800, one-half of Wife's retirement, which she cashed in February 1989. Each party was ordered to pay the debts incurred in his or her own name. Neither party challenges these rulings on appeal.

The court awarded Wife alimony of $250 a month for two years and then satisfied the award by giving Wife the personal property in her possession which the court valued at $6,000. The court found no equity in the family's North Carolina home and awarded it to Husband. The court also awarded Husband the personal property in his possession. Finally the court ordered Husband to pay a portion of Wife's attorney fees.

Wife appeals from the divorce decree, claiming: (1) her award of alimony was insufficient; (2) the trial court failed to adequately value and divide the marital property; (3) her award of attorney fees was inadequate; and (4) she is entitled to attorney fees on appeal. We affirm in part and reverse and remand in part.

## ALIMONY

■ We will not disturb a trial court's ruling on alimony as long as the court "exercises its discretion within the bounds and under the standards we have set and has supported its decision with adequate findings and conclusions." *Naranjo v. Naranjo*, 751 P.2d 1144, 1147 (Utah Ct. App.1988) (quoting *Davis v. Davis*, 749 P.2d 647, 649 (Utah 1988)).

The well-settled standard for setting traditional alimony has been articulated by the Utah Supreme Court as follows:

"The most important function of alimony is to provide support for the wife as nearly as possible at the standard of living she enjoyed during the marriage, and to prevent the wife from becoming a

---

1. Husband claims that during this one year period, Wife dissipated their marital assets. Wife, on the other hand, claims there were two months of unpaid bills that she paid soon after Husband left for Korea, and that the remainder of the money was spent on joint family expenses

and that she and her daughter were living at the same standard of living as they had lived before Husband went to Korea. The only exception appears to have been a loan Wife made to her sister, which represents only a small part of the total amount of assets.

public charge." *English v. English,* 565 P.2d [409] at 411 (Utah 1977).... [T]hree factors must [ ] be considered in fixing a reasonable alimony award:

[1]  the financial conditions and needs of the wife;

[2]  the ability of the wife to produce a sufficient income for herself; and

[3]  the ability of the husband to provide support.

*Jones v. Jones,* 700 P.2d 1072, 1075 (Utah 1985).

■ Failure to consider the *Jones* factors in fashioning an alimony award constitutes an abuse of discretion. *See Stevens v. Stevens,* 754 P.2d 952, 958 (Utah Ct.App.1988) (citing *Paffel v. Paffel,* 732 P.2d 96, 101 (Utah 1986)). Accordingly, the trial court must make sufficiently detailed findings of fact on each factor to enable a reviewing court to ensure that the trial court's discretionary determination was rationally based upon these three factors. *See Davis v. Davis,* 749 P.2d 647, 648 (Utah 1988); *Stevens,* 754 P.2d at 958–59; *see also Acton v. Deliran,* 737 P.2d 996, 999 (Utah 1987). If sufficient findings are not made, we must reverse unless the record is clear and uncontroverted such as to allow us to apply the *Jones* factors as a matter of law on appeal. *See Asper v. Asper,* 753 P.2d 978, 981 (Utah Ct.App.1988).

■ The trial court awarded alimony to Wife in the amount of $250 a month for two years. The court satisfied this award by awarding Wife the personal property in her possession which the court valued at $6,000. This, in effect, eliminated the personal property award to Wife and resulted in no monetary award of alimony. The trial court found:

That regarding alimony, because the standard of living is based on debt and wasted assets and not established by the lifestyle and in lieu of any alimony, Plaintiff is awarded all the personal property now in her possession which the Court places a value of $6,000.00 based on the husband's Exhibit No. 14.

In discussing the alimony award, the trial judge stated from the bench, "I don't give it as much weight as to what the needs and abilities of the parties might be because they dissipated and lived on credit." Nevertheless, the court specifically indicated that the level of its alimony award was not based on the fact that Wife dissipated assets.

The court did find Husband's income was $3,660 per month and Wife's was $1,500.[2] The only other arguable reference to the *Jones* factors is included in another statement by the court from the bench:

So what I will do is, as far as alimony, is in lieu of alimony, and I set down and computed what the defendant could pay, which is essentially nothing, what the plaintiff needed, which is a great deal and asked how it could be paid.

The trial court seems to justify ignoring the three-prong *Jones* test because "each [of the parties] have had and pursued separate careers and there has been a history of marital problems." At least the latter part of this statement can be made about a majority of divorces and certainly is not grounds to deviate from the *Jones* analysis.

Furthermore, nothing in the record indicates the trial judge approached the alimony issue from the standpoint of a rehabilitative or reimbursement approach rather than a traditional alimony award. If this was the intent, then different findings and analysis would be appropriate.[3] *See Peter-*

2.  It was undisputed that, at the time of trial, Wife's income was $863 per month. Nonetheless, the court imputed to her income at a level she previously had earned in North Carolina as a school teacher. No explanation was offered for this unusual adjustment.

3.  A rehabilitative award could well be appropriate in this case as Wife is college educated, in good health, and worked throughout the marriage. She is independently minded, as evidenced by her decision to stay in North Car-

olina when Husband went to Korea and to stay in Utah when he was assigned to New Mexico. She is comparatively young and the marriage was comparatively short. On the other hand, Wife helped Husband get his master's degree, but the marriage ended before she had the chance to get hers, as had been contemplated. There is no question that receiving an advanced degree would better equip her to compete in the job market for a position at a better salary. An award of alimony geared towards reimbursing

*sen v. Petersen,* 737 P.2d 237, 242 n. 4 (Utah Ct.App.1987).

The trial court's findings on the issue of alimony are so inadequate that we cannot determine the legal basis of the award or whether the trial court abused its discretion in the amount of the award. First, the court failed to make adequate findings on the needs of either Husband or Wife. Wife claimed expenses of $2,493 per month. Husband claimed expenses of $5,090.74 per month. No findings were made as to the reasonableness of these expenses, yet both parties argued below and on appeal the other's expenses are unreasonable. The only finding by the court on this point is that each party had "roughly equivalent" debts in their own names, which the court required them to pay. Without a finding on reasonable expenses, we are unable to determine the true needs of Wife, or to determine Husband's actual ability to pay and, therefore, to balance Wife's needs against Husband's ability to pay as required in *Jones.* The mere conclusory statement of the trial court that Husband can "afford nothing" when he is making $40,000 per year is simply not supported by the record, absent some finding as to the reasonableness of his claimed expenses. Furthermore, there is no explanation why, if Wife needed "a great deal," the court awarded no monetary award of alimony.

Second, the findings are inadequate as to Wife's ability to support herself. Wife's claimed expenses of $2,493 per month far exceed her monthly income even at the level imputed by the trial court.

The court's alimony award is not supported by adequate findings, and thus we reverse and remand the alimony award for additional findings on each of the *Jones* factors in light of our opinion, and a reassessment of the alimony award based upon

those findings. In the alternative, if the relevant *Jones* findings or other analysis lead to a conclusion that an award of rehabilitative or reimbursement alimony is the more appropriate vehicle to equitably treat the parties in this case, then findings supporting such an award should be entered.

## PROPERTY DIVISION

Wife also claims the trial court failed to accurately account for and value the marital property and that therefore the court's property distribution was inequitable. Wife does not articulate the basis of her claim that the court's property distribution was inequitable. She does not explain what property she believes should have been awarded to her or how the court abused its discretion. Therefore, we affirm the property distribution.

## ATTORNEY FEES AT TRIAL

A trial court has the power to award attorney fees in divorce proceedings, pursuant to Utah Code Ann. § 30–3–3 (1989). The award must be based on evidence of the financial need of the receiving spouse, the ability of the other spouse to pay, and the reasonableness of the requested fees. *Rasband v. Rasband,* 752 P.2d 1331, 1337 (Utah Ct.App.1988). The decision to make such an award and the amount thereof rest primarily in the sound discretion of the trial court. *Kerr v. Kerr,* 610 P.2d 1380, 1384 (Utah 1980). A court may consider, among other factors, the difficulty of the litigation, the efficiency of the attorneys, the reasonableness of the number of hours spent on the case, the fee customarily charged in the locality, the amount involved in the case and the result attained, and the expertise and experience

her for the help she extended Husband in getting his degree, or towards assisting her in acquiring her degree which would better enable her to support her daughter may well be closer to the mark than the traditional alimony analysis. However, if this approach is taken, it would be inappropriate to impute income to Wife at the level of her previous teaching salary as the trial judge did. The purpose of rehabilitative alimony is in the short run to close the

gap between actual expenses and actual income to enable the receiving spouse to then be better able to support herself when the alimony and schooling end. Under this analysis, Wife's income must be considered to be $863, the amount she was actually earning as a teaching assistant. Furthermore, a non-monetary award of alimony would not establish a rehabilitative result if there is a demonstrated difference between wife's income and expenses.

of the attorneys involved. *Rasband*, 752 P.2d at 1336.

 At trial, Wife's counsel testified his reasonable attorney fees expended in pursuing this divorce action were $2,350. Husband did not challenge the reasonableness of these claimed fees. Nevertheless, the trial court awarded Wife only $800 in attorney fees. The court made no findings on Wife's need for the payment of her fees, Husband's ability to pay the fees, or the reasonableness of the attorney fees. In short, the court gave no explanation for awarding only one-third of the requested fees.

To permit meaningful review of the trial court's discretionary ruling, "[w]e have consistently encouraged trial courts to make findings to explain the factors which they considered relevant in arriving at an attorney fee award." *Regional Sales Agency, Inc. v. Reichert*, 784 P.2d 1210, 1215 (Utah Ct.App.1989); *see also Martindale v. Adams*, 777 P.2d 514, 518 (Utah Ct.App.1989) (for meaningful appellate review trial court must explain factors and basis for sua sponte reduction of attorney fees); *Morgan v. Morgan*, 795 P.2d 684, 688 (Utah Ct.App.1990) (award of attorney fees in divorce case remanded for more adequate findings). In *Haumont v. Haumont*, 793 P.2d 421, 426 (Utah Ct.App. 1990), we held it was an abuse of discretion for the trial court to award less than the claimed amount of attorney fees without any reasonable justification, and that a trial court must explain its sua sponte reduction in order to permit meaningful review on appeal. *See also Regional Sales Agency, Inc.*, 784 P.2d at 1215 (findings particularly important when the trial court has reduced the attorney fees from the amount requested, and amount requested was supported by undisputed evidence); *Martindale*, 777 P.2d at 518.

The trial court in this case gave no explanation for its reduction of attorney fees incurred by Wife where their reasonableness was uncontroverted. Again, the court's failure to address Wife's need or Husband's ability to pay her attorney fees leaves us with no adequate explanation for the court's award. We therefore remand for the trial court to make a redetermination of awardable attorney fees in light of our opinion and to make findings to support the award.

## ATTORNEY FEES ON APPEAL

Wife seeks an award of attorney fees incurred on appeal. "Ordinarily, when fees in a divorce were awarded below to the party who then prevails on appeal, fees will also be awarded to that party on appeal." *Burt v. Burt*, 799 P.2d 1166, 1171 (Utah Ct.App.1990). Because Wife was awarded attorney fees below, a result that is not likely to change on remand although the amount may differ, and because she has prevailed on the main issue on appeal, we award her attorney fees in an amount to be determined by the trial court on remand.

In summary, we reverse and remand on the issues of alimony and attorney fees, but affirm the trial court's property distribution.

GARFF and ORME, JJ., concur.